## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARY L. LOGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-04-687-HE** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits and supplemental security income benefits. Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed her applications for disability insurance and supplemental security income benefits on June 14, 2002, alleging that she became disabled as of July 22, 2002[1], due to carpal tunnel syndrome, depression, and a leg and hip injury. Tr. 53-55, 64, 67, 183,

---

[1]Plaintiff's applications indicated an onset date of June 1, 1998, but at the administrative hearing, Plaintiff amended the onset date to July 22, 2002. Tr. 204-05. In his decision, the administrative law judge refers to the onset date at July 22, 2003, but this is apparently a typographical error. Tr. 15.

184-86, 204-05. The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 39, 40, 41-43, 45-46, 187, 188-90, 192, 193-95. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on August 13, 2003. Tr. 47, 199-236. Plaintiff appeared in person and with a non-attorney representative, and offered testimony in support of her applications. Tr. 201, 205-26, 233-34. A vocational expert also testified at the request of the administrative law judge. Tr. 48, 226-32. The administrative law judge issued his decision on January 9, 2004, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was thus not entitled to benefits. Tr. 11-13, 14-22. The Appeals Council denied Plaintiff's request for review on April 6, 2004, and thus the decision of the administrative law judge became the final decision of the Commissioner. Tr. 6-9.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart,  365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted).  The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751, & n. 2.  If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

## III.  ANALYSIS

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. Tr. 15. He found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 15, 21. At step two, the administrative law judge found that Plaintiff suffered from depression, and that this disorder was severe. Tr. 18, 21. He found that Plaintiff had no severe physical impairments, and specifically that her wrist impairment was non-severe as it posed no work-related limitations or restrictions. Tr. 18 At step three, he found that Plaintiff's depression was not severe enough to meet or equal the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4.  Tr. 18, 21. The administrative law judge specifically noted that he had considered the severity requirements for Listing 12.04 (pertaining to affective disorders). Tr. 18. He next found that Plaintiff had the residual functional capacity to perform all exertional levels of work, and that she was able to perform simple repetitive tasks where she does not have to have constant contact with the general public. Tr. 19, 21. Based on this

3

residual functional capacity, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was able to perform her past relevant work as a photocopy machine operator. Tr. 19, 21. Thus, the administrative law judge found that Plaintiff was not disabled and was not entitled to benefits.  Tr. 19, 22.

## A.  ISSUES ON APPEAL

Plaintiff raises three errors on appeal.  First, she claims that the administrative law judge committed legal error because he ignored probative evidence related to her mental impairments.  Plaintiff's Opening Brief, p. 8. Second, she claims that the administrative law judge committed legal error because his mental residual functional capacity findings were inconsistent and unclear.  Plaintiff's Opening Brief, p. 10.  Third, Plaintiff contends that the administrative law judge's mental residual functional capacity assessment is not supported by substantial evidence.  Plaintiff's Opening Brief, p. 11.

## B.  DISCUSSION

### 1.  Ignoring of Probative Evidence Relating to Mental Impairments

As her first claim of error, Plaintiff contends that the administrative law judge "ignored vital probative evidence" related to her mental impairments.  Plaintiff's Opening Brief, p. 9. Specifically, Plaintiff contends that the administrative law judge erred when he did not discuss one doctor's GAF assessment of 45, or his reason for rejecting it.  Id. Plaintiff also claims that the administrative law judge ignored the opinion of one state agency doctor who found that Plaintiff had marked limitations in her ability to interact appropriately with the general public.  Id.

4

In response, the Commissioner first contends that the GAF scale is intended for use by practitioners in making treatment decisions, and does not necessarily relate to whether a claimant is disabled.  Commissioner's Brief, p. 4.  Second, the Commissioner notes that the administrative law judge did make reference to Plaintiff's most recent GAF score of 60.  Id.

"GAF" stands for Global Assessment of Functioning, and is a scale used "for reporting the clinician's judgment of the individual's overall level of functioning." Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV) p. 30. A rating of 45 indicates a "serious impairment in social, occupational or school functioning (e.g., no friends, unable to keep a job.).  Id. at 34.  A GAF score of 60 indicates moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g. few friends, conflicts with peers or co-workers). Id. at 32. However, as the Commissioner notes, the GAF is not an absolute determiner of ability to work.  Stalvey v. Apfel, No. 98-5208, 2001 WL 50747 *2 (10th Cir. Aug. 18, 1999).[2]  In any event, by itself, a GAF rating of 45 would not constitute evidence of an impairment seriously interfering with a claimant's ability to work. Seymore v. Apfel, No. 97-5068, 1997 WL 755386, at *2 (10th Cir. Dec. 8, 1997) ("standing alone without further narrative explanation, the rating of 45 does not evidence an impairment seriously interfering with claimant's ability to work").

In Cainglit v. Barnhart, No. 03-7004, 2003 WL 22963117, at *3 (10th Cir. Dec. 17, 2003), the Tenth Circuit rejected the view that GAF scores, ranging from 39-45, compelled

---

[2]This and any other unpublished decision noted herein is cited solely for its persuasive value in accordance with Tenth Circuit Rule 36.3.

the finding of a "severe" mental impairment at step two. The Court reasoned: "In the absence of any evidence indicating that [the claimant's mental health providers] assigned these GAF scores because they perceived an impairment in [claimant's] ability to work, the scores, standing alone, do not establish an impairment seriously interfering with [her] ability to perform basic work activities." Id.  See also Whelchel v. Barnhart, No. 02-7149, 2004 WL 613925, at *5 (10th Cir. Mar. 22, 2004) ("plaintiff's GAF score of 47 may indicate problems not necessarily related to her ability to hold a job, and therefore standing alone, without any further narrative explanation, this rating does not support an impairment seriously interfering with her ability to work") (citations omitted); Lopez v. Barnhart, No. 03-2035, 2003 WL 22351956, at *2 (10th Cir. Oct. 16, 2003) ("standing alone, the GAF score [of 40] does not evidence an impairment seriously interfering with claimant's ability to work").

The undersigned finds that despite the administrative law judge's failure to specifically note both of the GAF scores referenced in the records from the Northwest Center for Behavioral Health, his discussion of the observations and conclusions of Plaintiff's counselor, Cathy Todd, M.A., L.P.C., and her psychiatrist, Vivian Hasbrook, M.D., shows that he adequately considered this portion of the record. Tr. 17-18; 170-81. "[An administrative law judge] is not required to discuss every piece of evidence" so long as the record "demonstrate[s] that [he] considered all of the evidence...." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996). The administrative law judge's decision in this case reflects his consideration of the relevant medical evidence.

6

With regard to Plaintiff's claim that the opinion of Dr. Smallwood was ignored, the Commissioner contends that Dr. Smallwood's opinion was consistent with the administrative law judge's mental residual functional capacity assessment. Commissioner's Brief, p. 5. The undersigned agrees.

Dr. Smallwood concluded that Plaintiff's "ability to interact appropriately with the general public" was markedly limited. Tr. 154. He elaborated that "claimant can interact appropriately with others at a superficial level." Tr. 155. The administrative law judge found that Plaintiff had "marked limitations in her ability to be around the general public," and that she is "able to perform tasks where there is no constant requirement to be around the general public." Tr. 21. Although the administrative law judge may not have specifically mentioned Dr. Smallwood's opinion, it is clear that he did consider it as his own mental residual functional capacity finding is consistent with Dr. Smallwood's conclusions. Although the administrative law judge did not reference "superficial" contact in his decision, he did in the hypothetical question posed to the vocational expert. Tr. 229. He also directed the vocational expert to use the limitations contained in Exhibit 12F, which is Dr. Smallwood's assessment. Tr. 228. Under the circumstances, the administrative law judge's failure to incorporate Dr. Smallwood's elaboration as to the qualitative degree of public interaction is immaterial, and certainly not an indication that he "ignored" the opinion of Dr. Smallwood. See Scull v. Apfel No. 99-7106, 2000 WL 1028250, at **2 (10th Cir. July 26, 2000).

### 2. Mental RFC Findings

In her second claim of error, Plaintiff contends that the administrative law judge's mental residual functional capacity (RFC) findings were "inconsistent and unclear." Plaintiff's Opening Brief, p. 10. She noted the administrative law judge's finding that she was able to perform tasks where "she does not have constant contact with the general public," and compares it to his findings that "she is able to perform tasks where there is no more than an infrequent requirement to be around the general public" and "where there is no constant requirement to be around the general public." Id. at 11. (citing Tr. 19, 20, 21). She contends that the administrative law judge's hypothetical to the vocational expert failed to clarify his findings, and "introduced yet another restriction on contact with other people," specifically, that she "could interact appropriately with others at a superficial level." Plaintiff's Opening Brief, p. 11. She concludes that these inconsistencies "make it completely impossible to determine the level of restriction on work-related contact with other people . . . ." Id. In response, the Commissioner claims that the findings are analogous.

The undersigned agrees with the Commissioner. The administrative law judge found that Plaintiff's ability to interact with the general public was markedly limited, and although his other statements were perhaps poor attempts to elaborate, they do not render the restriction "impossible to determine." There is nothing in the testimony of the vocational expert or in the Dictionary of Occupation Titles' description of photocopying machine operator which would support a claim that the shadings of meaning identified by Plaintiff made any difference in the outcome. Tr. 229; DICOT 207.685-014 (4th ed.

1991). Indeed, Plaintiff does not suggest otherwise. The administrative law judge's wording of his finding regarding Plaintiff's mental residual functional capacity does not undermine his assessment, particularly in light of his hypothetical to the vocational expert. See Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir.1987) ("An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where, as here, the deficiency probably had no practical effect on the outcome of the case.").

### 3.  Substantial Evidence for Mental RFC

Finally, Plaintiff claims that the administrative law judge's mental RFC was not based on substantial evidence "because it was overwhelmed by the substantial evidence in the record which contradicted it."  Plaintiff's Opening Brief, p. 12.  Plaintiff notes four things in the record which she claims overwhelmingly contradict the administrative law judge's mental RFC finding: (1) on July 22, 2002, her doctor, Dr. Rumph, observed her to have "jerky, inappropriate" movements and behaviors; (2) her counselor Ms. Todd noted on August 3, 2003, that Plaintiff was tearful and very upset; (3) the GAF score of 45; and (4) Dr. Smallwood's finding that she was markedly limited in her interaction with others, and could only interact appropriately at the superficial level.  Plaintiff's Opening Brief, p. 12 (citing Tr. 119, 175, 176, 154-55).

The undersigned disagrees with Plaintiff's claim that these four items overwhelmingly contradict the mental RFC findings.  The administrative law judge did discuss the evidence contained in the records of Dr. Rumph and Ms. Todd.  Tr. 16, 17-18. As noted above, he obviously considered the conclusions of Dr. Smallwood, as he asked

the vocational expert to use Dr. Smallwood's assessment as Plaintiff's mental restrictions for purposes of the hypothetical.  Tr.  228.  Finally, as discussed above, the GAF score of 45 at the beginning of Plaintiff's counseling and treatment with medication does not indicate her inability to function in a work setting.  The administrative law judge gave a detailed explanation as to the credibility he assigned to Plaintiff's complaints related to her depression. Tr.  20.  The undersigned finds the administrative law judge's conclusions regarding Plaintiff's mental RFC to be supported by substantial evidence, and that the evidence was not overwhelmed or contradicted by the items identified by Plaintiff in connection with her third claim of error.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file objections to this Report and Recommendation with the Clerk of this Court by February 21, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 31st day of January, 2005.**


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE